1
2
3
4
5

William D. Hyslop
United States Attorney
Eastern District of Washington
Patrick J. Cashman
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

6
7

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

8
9

UNITED STATES OF AMERICA,

10

                    Plaintiff,

11

            vs.

12
13

ROLANDO VARGAS
            (a/k/a "Chato"),

14
15

                    Defendant.

1:19-CR-02058-SMJ-3


Government's Response to
Defendant's Motions *in Limine*

16      Plaintiff, United States of America, by and through William D. Hyslop, United

17 States Attorney for the Eastern District of Washington, and Patrick J. Cashman,

18 Assistant United States Attorney for the Eastern District of Washington, submits the

19 following Response to Defendant's Motions *in Limine*. (ECF No. 96).

20                          **I.      INTRODUCTION**

21      The Defendant requests notice from the United States of the evidence it intends

22 to offer pursuant to Fed. R. Evid. 404(b) and 609.  The Defendant further requests the

23 Court exclude all evidence of gang affiliation and prohibit the United States from

24 vouching for the credibility of its witnesses. The Court should deny the Defendant's

25 motions based on the foregoing.

26                          **II.      BACKGROUND**

27      On July 31, 2019, at approximately 12:04 a.m., Yakima County Sheriff' Office

28 ("YSO") deputies were dispatched to the address of 171 N. Outlook Road in reference

Government's Response to Defendant's Motions *in Limine* - 1

to a robbery that just occurred.  The deputies were advised that the victim was just robbed and beaten at gun point prior to his car being taken.  Upon arriving on scene, the deputies observed severe swelling to his mouth and face as well as fresh cuts to his right and left hands.

While speaking with the victim, he identified two males as "Grinch" and "Chato" and a third male as Miguel Navarrete.  The victim indicated that he was in the rear seat behind the driver's seat.  The victim stated that "Chato" opened the driver side door, while "Grinch" attempted to enter the car from the passenger side.  The victim stated that "Grinch" brandished a firearm and ordered him to open the door, at which point the physical assault on the victim occurred.[1]

As the victim was being assaulted, a white Chrysler 300 arrived and a fourth male exited and assisted in the taking of the victim's red Mazda Tribute.  The white Chrysler 300 was driven by Juanita Ramirez.  The fourth individual, believed to be "Shooter," entered the driver's seat of the victim's vehicle.  The victim tried to stop "Shooter" from taking his vehicle.  In response "Shooter" stated, "they call me Shooter, don't make me shoot you" and then motioned to his pocket.  The victim observed what he believed to be the butt of a handgun.

Subsequently, "Shooter" drove off in the victim's vehicle followed by the white Chrysler 300 being driven by Juanita Ramirez and "Chato."  The remaining individuals drove off in two other vehicles.  The victim identified Miguel Navarrete in a photo line-up.

Subsequently, the victim's vehicle was located in the area of Decker and Independence, Outlook, Washington.  While on-scene, deputies spoke to a witness, M.H., who identified the victim's vehicle having been dropped off by two individuals she knew as "Shooter" and "Chato."  The witness also identified the victim's vehicle

---

[1] The victim has provided numerous statements in this case.  The factual recitation summarizes statements made by the victim on various occasions.

Government's Response to Defendant's Motions *in Limine* - 2

being followed by a white Chrysler 300.  The witness was shown a photograph of Rolando Vargas and confirmed that is the person she knows as "Chato."

In October 2019, another witness, R.P., provided information to law enforcement that identified four individuals involved.  This witness identified the four individuals as "Chato", "Grinch", "Shooter", and "Cholo" who the witness knew to be Miguel Navarrete.

## III.   DISCUSSION

i.      Notice of Intent to Offer 404(b) and 609 Evidence

Local Criminal Rule 16 states:

> [n]o later than twenty-eight (28) days prior to trial, the government shall:…(8) Provide a summary of any evidence of other crimes, wrongs, or acts which the government intends to offer under Federal Rule of Evidence 404(b), in sufficient detail that the court may rule on the admissibility of the proffered evidence, if challenged; and (9) Provide a list of convictions the government intends to offer under Federal Rule of Evidence 609 so the court may rule on their admissibility, if challenged."

The United States intends to comply with the local criminal rule and the Federal Rules of Evidence and will provide appropriate notice in a separate filing.

ii.      Evidence of Defendant's gang affiliation is admissible.

Defendant argues that all "gang evidence" should be excluded as "more prejudicial than probative."  That is not the standard, as any evidence offered by one party is prejudicial to the other party.  Rather, Federal Rule of Evidence 403 provides that a court may exclude relevant evidence only if its "probative value is *substantially outweighed*" by "*unfair prejudice*." Fed. R. Evid. 403 (emphasis added); *United States v. Ubaldo*, 859 F.3d 690, 705 (9th Cir. 2017).

Both the Supreme Court and the Ninth Circuit have ruled that "evidence of gang membership is admissible when it is relevant to a material issue in the case." *United States v. Easter*, 66 F.3d 1018, 1021 (9th Cir. 1995) (admissible on the issue of defendant's identity) (citing *United States v Abel*, 469 U.S. 45 (1984) (admissible

Government's Response to Defendant's Motions *in Limine* - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to impeach for bias); *United States v. Santiago*, 46 F.3d 885 (9th Cir. 1995) (admissible to show motive for crime); *United States v. Fagan*, 996 F.2d 1009, 1015 (9th Cir. 1993) (admissible to buttress policeman's ability to identify defendant).

In *Abel*, the Supreme Court upheld the district court's decision to admit evidence of the defendant's gang membership under rules 401 and 403. *Abel*, 469 U.S. 45 (1984). The Court specifically held that one witness's "description of the gang as a lying and murderous group" was relevant and properly admitted, because the attributes and tenets of the group itself were relevant to show bias. *Id.* at 54. The district court admitted gang evidence, but ordered that the name of the gang ("Aryan Brotherhood") not be used, "offered a limiting instruction concerning the testimony, and sustained defense objections to certain questions concerning the punishment meted out to unfaithful members." *Id*. The Supreme Court held that while "[t]hese precautions did not prevent *all* prejudice to respondent," they did "ensure that the admission of this highly probative evidence did not *unduly* prejudice respondent." *Id*. at 55. Accordingly, "there was no abuse of discretion under Rule 403 in admitting [gang evidence]." *Id.*

The United States does intend to introduce evidence of gang membership in order to establish the identity of the Defendants and their relative association with each other. Using evidence to establish identity is a permissible use pursuant to Fed. R. Evid. 404(b). The United States intends to introduce the street names/monikers of the individuals involved because that is how the victim and other witnesses identify the Defendants. Thus it is highly relevant to a material issue of this case. *See Easter*, 66 F.3d at 1021. Furthermore, the United States intends to introduce how the witnesses know the particular defendant by that name. This would include law enforcements ability to identify the individual based upon prior contacts or other identifying elements such as tattoos. Specifically, the Defendant Navarrete has a neck tattoo that appears to read "bgl." Therefore, the fact the Defendant has a tattoo on his neck that can be used to identify him as one of

Government's Response to Defendant's Motions *in Limine* - 4

the Defendant's is highly probative and relevant.  Additionally, should a Defendant open the door to evidence of gang membership, the United States would then be permitted to use that evidence in rebuttal.

Moreover, the Court may address Defendant's concerns by probing the jury during *voir dire* and by instructing the jury that it should not convict Defendant based on his gang association alone. As the Supreme Court explained in *Abel*, these precautions will ensure that the admission of highly probative evidence does not unduly prejudice Defendant.  *See Abel*, 469 U.S. at 55; *see also Easter*, 66 F.3d at 1021 ("In light of all the precautionary measures, and the Government's limited questioning concerning gang affiliation, we hold that the gang-affiliation evidence did not unduly prejudice Appellants.").

The United States does not intend to elicit testimony involving other events the BGL enterprise may have previously been involved in.  Nor does the United States intend to elicit questions regarding the process of indoctrination into the gang or punishments for acts that are not in the interest of the gang.  *See Abel*, 469 U.S. at 54.

iii.    Vouching for credibility of government witnesses

The United States intends to comply with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence.

## IV.    CONCLUSION

Based on the foregoing, the Court should deny the Defendant's motions *in limine*.

Dated:  March 27, 2020.

William D. Hyslop
United States Attorney

*s/ Patrick J. Cashman*
Patrick J. Cashman
Assistant United States Attorney

Government's Response to Defendant's Motions *in Limine* - 5

1

2

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

4

5

6

7

8

9

10

11

Ken Therrien:       kentherrien@msn.com
Rick Smith:         rasmith@house314.com
Rick Hernandez:     rick@rickhernandezlaw.com
Troy Lee:           troylee@troyleelaw.com


                            *s/ Patrick J. Cashman*
                            Patrick J. Cashman
                            Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Government's Response to Defendant's Motions *in Limine* - 6