FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   1:19-cr-02058-SMJ-03 |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT VARGAS'S (03) MOTION TO SEVER** |
| v. | |
| ROLANDO VARGAS, (03), | |
| Defendant. | |

Before the Court, without oral argument, is Defendant Rolando Vargas's (03) Motion and Memorandum in Support of Bruton Motion and Request for Severance, ECF No. 95. Defendant Vargas moves for his trial to be severed from those of his co-Defendants because one of his co-Defendants, Defendant Juanita Ramirez (04), made admissions to law enforcement that incriminated herself, Defendant Vargas, and their other co-Defendants, that the Government may introduce at trial. *Id.* at 1–4. The Government contends the appropriate remedy for whatever prejudice may result from the admission of Defendant Ramirez's statements is to sever Defendant Ramirez, rendering the motion moot. ECF No. 106 at 2–3.

Federal Rule of Criminal Procedure 14(a) permits the Court to sever the trials of multiple defendants where a consolidated trial may result in prejudice to one or

ORDER GRANTING IN PART DEFENDANT VARGAS'S (03) MOTION TO SEVER – 1

more defendants. As relevant here, a violation of the Sixth Amendment's Confrontation Clause occurs when, in a case involving joined co-defendants, "a facially incriminating confession of a non[-]testifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *United States v. Peterson*, 140 F.3d 819, 821 (9th Cir. 1998) (citing *Bruton v. United States*, 391 U.S. 123, 126 (1968)).

On May 7, 2020, the Government filed, for *in camera* review, records of the statements made by Defendant Ramirez from which potential *Bruton* prejudice may result. Though the Court finds it unnecessary to detail the content of those statements here, it agrees with the Government that the most effective manner in which to eliminate potential *Bruton* concerns is to sever Defendant Ramirez from her co-Defendants, rather than to sever Defendant Vargas.

Defendant Vargas appears to argue the Court lacks the authority to sever Defendant Ramirez because Defendant Vargas's is the only motion for severance presently before the Court. *See* ECF No. 117 at 1–2. However, the Court construes the Government's response to Defendant Vargas's motion as its own motion to sever Defendant Ramirez. *See* ECF No. 106 at 1 ("The United States submits the severance is not necessary regarding Defendant Vargas because co-Defendant Juanita Ramirez should be tried separately from the remaining Defendants."). Though far less common, courts have recognized Rule 14 permits motions for

ORDER GRANTING IN PART DEFENDANT VARGAS'S (03) MOTION TO SEVER – 2

severance brought by the prosecution. *See, e.g., United States v. Sudeen*, 434 F.3d 384, 387–88 (5th Cir. 2005). In the alternative, nothing in Rule 14's text confines the Court to severing a defendant on motion of the parties and, having reviewed the contents of Defendant Ramirez's statements, the Court finds the potential for *Bruton* prejudice would require severing her even in the absence of a request by either party. As such, the appropriate remedy is to sever only Defendant Ramirez.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Rolando Vargas's (03) Motion and Memorandum in Support of Bruton Motion and Request for Severance, **ECF No. 95**, is **GRANTED IN PART**.

2. Defendant Juanita Ramirez (04) is **SEVERED** from the other Defendants in this matter.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Probation Office.

**DATED** this 12th day of May 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING IN PART DEFENDANT VARGAS'S (03) MOTION TO SEVER – 3